OPINION
SLOVITER, Circuit Judge.
Gabriel Castaneda-Sicardo (a/k/a Luis Alvarado), a citizen of Mexico, pled guilty to one count of illegal re-entry following his removal subsequent to his conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2). Castaneda-Si-cardo was sentenced to eighty-seven months imprisonment. His counsel, who filed a timely notice of appeal, also filed a motion to withdraw as counsel and a brief in support pursuant to Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
I.
In April 2008, Delaware prison personnel informed Immigration and Customs Enforcement (“ICE”) that a possible illegal alien, Castaneda-Sicardo, was in their custody. Castaneda-Sicardo was then interviewed by an ICE agent. He was read his Miranda rights, agreed to waive those *751 rights, and admitted that he had been deported from the United States in March 2000. He also admitted that in July 2001, he re-entered the United States illegally and without permission.
Subsequent investigation revealed that Castaneda-Sicardo had illegally entered the United States on at least two occasions prior to July 2001. Further, Castaneda-Sicardo has an extensive criminal history in this country. Most relevant here, he was convicted in 1991 in California state court for transportation and sale of a controlled substance, for which he received an aggregate sentence of sixteen months imprisonment, and was convicted in 1996 in California state court for assault with a deadly weapon, for which he was sentenced to two years imprisonment. Following his re-entry to the United States in July 2001, Castaneda-Sicardo was also convicted in Delaware state court for forgery and possession of heroin.
Castaneda-Sicardo pled guilty to his indictment for the current offense pursuant to a plea agreement.[1] The Presentence Report (“PSR”) determined that Castaneda-Sicardo faced a base offense level of eight, plus a sixteen-level enhancement based on the drug trafficking and assault convictions noted above pursuant to the U.S. Sentencing Guidelines Manual § 2L1.2(b)(l)(A) (2008). The PSR also recommended a three-level reduction for acceptance of responsibility, for a total offense level of twenty-one. Finally, Castaneda-Sicardo had a criminal history category of V, which, combined with his offense level, produced a Guidelines range of seventy to eighty-seven months imprisonment.
Neither Castaneda-Sicardo nor the government objected to the PSR or moved for a departure under the Guidelines, and the District Court adopted the PSR at Castaneda-Sicardo’s sentencing hearing. At that hearing, Castaneda-Sicardo argued that a downward variance was appropriate because the convictions upon which the sixteen-level enhancement was based were relatively stale. Further, he argued that his conduct subsequent to his re-entry in July 2001 was positive. He also contested the significance of his Delaware conviction for possession of heroin, alleging that he had pled guilty even though the drugs did not belong to him. The government, on the other hand, argued for a sentence within the Guidelines range.
The District Court sentenced Castaneda-Sicardo to eighty-seven months imprisonment, i.e., the top of the Guidelines range. The Court concluded that this sentence was necessary in light of the seriousness of the offense, the fact that Castaneda-Sicardo had twice previously entered the country illegally, his extensive criminal history, the need for deterrence, and the need to protect society from future crimes by Castaneda-Sicardo. The Court also rejected Castaneda-Sicardo’s argument that the conviction for possession of heroin should be discounted, concluding that the record showed that the drugs were found on his person.
Castaneda-Sicardo’s counsel timely appealed, and as noted above, now seeks to withdraw pursuant to Anders. Castaneda-Sicardo did not file a pro se brief in opposition, and the government filed a brief supporting counsel’s motion to withdraw.[2]
*752 II.
This court’s rules provide: “Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders .... ” 3d Cir. L.A.R. 109.2 (2008). Accordingly, appellant’s counsel must “satisfy the court that he or she has thoroughly scoured the record in search of appealable issues” and then “explain why the issues are frivolous.” United States v. Marvin, 211 F.3d 778, 780 (3d Cir.2000) (citation omitted.). “The Court’s inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2’s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues.” United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001).
Castaneda-Sieardo’s counsel contends that only one claim might arguably be raised on appeal, i.e., whether Castaneda-Sicardo’s sentence was reasonable, and that such a claim would be frivolous. We agree.
Castaneda-Sicardo entered, and the District Court accepted, a guilty plea pursuant to a plea agreement with the government on the single count of the indictment for illegal re-entry. Following entry of that plea, the District Court sentenced Castaneda-Sicardo in compliance with the three-step process mandated by our precedent. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006). First, the District Court adopted, without objection, the accurate calculation of the Guidelines range contained in the PSR. Second, neither Castaneda-Sicardo nor the government moved for a traditional departure under the Guidelines.
Finally, the District Court heard argument from both parties regarding Castaneda-Sicardo’s request for a downward variance and sentenced Castaneda-Sicardo to a term of imprisonment within the Guidelines range. The District Court explained its reasons for that sentence on the record, referring to the sentencing factors enumerated in 18 U.S.C. § 3553(a) as well as the arguments presented by Castaneda-Sicardo. The District Court’s reasoning amply supports the sentence imposed. Thus, any argument that the District Court abused its discretion in imposing Castaneda-Sicardo’s sentence is frivolous. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007).
III.
For the above-stated reasons, we will grant counsel’s motion to withdraw and affirm the judgment of conviction and sentence.

. Castaneda-Sicardo was represented throughout the proceedings in the District Court by the Federal Public Defender's Office, which continues to sen/e as counsel on appeal.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.